Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| FAUSTINO GARCÍA ABISLAIMAN<br><br>Recurrido<br><br>v.<br><br>DAGMAR MARÍA RIVERA DÁVILA<br><br>Peticionaria | KLCE202401255 | *CERTIORARI*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil núm.:<br>GB2018CV00033<br><br>Sobre:<br>División de Bienes Gananciales |

Panel integrado por su presidente, el Juez Rivera Torres, la Jueza Santiago Calderón y la Jueza Álvarez Esnard

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 6 de diciembre de 2024.

Comparece ante nos la señora Dagmar María Rivera Dávila ("señora Rivera" o "Peticionaria") mediante *Solicitud de Certiorari* recibida el 18 de noviembre 2024. Nos solicita que revoquemos una *Resolución* dictada y notificada el 24 de octubre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Bayamón ("foro primario" o "foro *a quo*"). Mediante el aludido dictamen, el foro primario denegó la solicitud de orden que presentó la Peticionaria, la cual requería, entre otros asuntos, la congelación de fondos a terceras personas que no formaban parte del pleito.

Por los fundamentos que expondremos a continuación, **denegamos** el auto de *certiorari*.

## I.

Conforme surge del expediente, la génesis de este caso surge cuando el 2 de mayo de 2018, el señor Faustino García Abislaimán ("señor García" o "Recurrido") presentó *Demanda* sobre división de sociedad legal de gananciales y daños contra la señora Rivera.[1] En

---

[1] Véase, SUMAC Entrada 1.

Número Identificador

SEN(RES)2024_____

lo pertinente a la controversia ante nos, tras varios asuntos procesales que son innecesarios detallar, el 19 de octubre de 2023, la señora Rivera presentó *Moción Urgente en Solicitud de Orden en Protección del Caudal Post Ganancial Desviado por Demandante García-Abislaimán a su Pareja Consensual Ana Cabrera; Solicitud de Expedición de Orden a Citibank y Solicitud de Vista de Desacato*.[2] En esta, alegó que, durante varios años, el señor García había desviado dinero ganancial de un caudal de sobre tres millones de dólares ($3,000,000.00). En concreto, sostuvo que la institución financiera Citibank produjo información que evidenciaba el desvío de tres millones de dólares ($3,000,000.00) a la pareja consensual del señor García, la señora Ana Cabrera ("señora Cabrera"). Ante esto, solicitó que una orden para que Citibank produjera información del paradero del dinero ganancial desviado por el Recurrido a su pareja consensual, la señora Cabrera y a una cuenta de ACC Trust. A su vez, solicitó una orden para la congelación de los fondos hasta tanto se dilucidara el presente caso. Asimismo, solicitó el señalamiento de una vista de desacato en la cual debería comparecer tanto la señora Cabrera como el señor García.

En respuesta, el 8 de noviembre de 2023, el señor García presentó *Oposición a "Moción Urgente en Solicitud de Orden en Protección del Caudal Post Ganancial Desviado por Demandante García-Abislaimán a su Pareja Consensual Ana Cabrera; Solicitud de Expedición de Orden a Citibank y Solicitud de Vista de Desacato"*.[3] En esencia, aclaró que el foro primario ya había adjudicado que no iba emitir órdenes para descubrir cuentas de terceras personas ajenas al caso. Explicó que ello se dio en el contexto de unas mociones que iban dirigidas a descubrir prueba relacionados a la administración de varios bienes gananciales que estaban bajo la

---

[2] Véase, apéndice del recurso, págs. 65-66.
[3] *Íd.*, págs. 74-80.

administración del hijo de las partes, el señor Faustino García Rivera. Agregó que el 8 de septiembre de 2023, el foro primario resolvió que no se emitirían órdenes bancarias al señor García Rivera, ya que este era un tercero ajeno a la comunidad de bienes y por lo tanto, no era comunero. En ese sentido, argumentó que el foro primario no podía actuar contrario a como ya había resuelto y esgrimió que el foro *a quo* no tenía jurisdicción sobre la señora Cabrera ni sobre el fideicomiso ACC Trust. Igualmente, el señor García arguyó que el foro *a quo* había resuelto la improcedencia del desacato.

Subsiguientemente, el 17 d enero de 2024, la señora Rivera presentó *Moción Urgente Reiterando Solicitud de Orden en Protección del Caudal Post Ganancial Desviado por Demandante García-Abislaimán a su Pareja Consensual Ana Cabrera; Solicitud de Expedición de Orden a Citibank y Solicitud de Vista de Desacato*.[4] En esta, reiteró que, si el foro primario no tomaba control, el Recurrido continuaría desacatando las órdenes y desvaneciendo el dinero ganancial. Por su parte, el 18 de enero de 2024, el señor García presentó *Oposición a "Moción Urgente en Solicitud de Orden en Protección del Caudal Post Ganancial Desviado por Demandante García-Abislaimán a su Pareja Consensual Ana Cabrera; Solicitud de Expedición de Orden a Citibank y Solicitud de Vista de Desacato"*.[5] En esta, insistió en su postura de que ya el foro primario había adjudicado que no estaría emitiendo órdenes para descubrir cuentas de terceras personas ajenas al caso.

Posteriormente, el 16 de octubre de 2024, la Peticionaria presentó *Moción Urgente Reiterando se Dicte Orden*.[6] Una vez más, la señora Rivera solicitó la intervención del foro primario para que

---

[4] *Íd.*, págs. 82-83.
[5] *Íd.*, págs. 88-99.
[6] *Íd.*, págs. 122-123.

dictara una orden a los fines de que Citibank produjera información sobre el paradero del dinero presuntamente desviado y, además, se ordenara la protección del caudal. Por su lado, el 17 de octubre de 2024, el Recurrido presentó *Oposición a "Moción Urgente Reiterando se Dicte Orden" y en solicitud de sanciones al amparo de la Regla 9 de las de Procedimiento Civil*.[7] En esta, subrayó su postura referente a que ya el foro primario había resuelto que no estaría emitiendo órdenes para descubrir cuentas de terceras personas ajenas a este caso. De la misma manera, solicitó la imposición de sanciones por una suma no menor de cinco mil dólares ($5,000.00) a la representación legal de la señora Rivera, por estas haber presentado reiteradamente la misma solicitud con las mismas alegaciones. Así las cosas, el 24 de octubre de 2024, el foro *a quo* emitió *Resolución Interlocutoria*.[8] Por virtud de esta, declaró *No Ha Lugar* la solicitud de orden bajo el fundamento de que ni la señora Cabrera ni ACC Trust eran parte del caso y, por ende, el tribunal no tenía jurisdicción para conceder los remedios solicitados por la señora Rivera.

Inconforme, el 18 de noviembre de 2024, la señora Rivera compareció ante esta Curia mediante *Solicitud de Certiorari* y formuló el siguiente señalamiento de error:

> Erró manifiestamente el TPI al denegar la solicitud de Orden a Citibank para obtener información sobre el dinero ganancial (sobre tres millones de dólares) desviado por el Sr. García Abislaimán a su pareja consensual Ana Cabrera y a la cuenta de esta bajo el nombre de ACC Trust y al denegar medidas cautelares bajo el fundamento de que no son parte en el pleito.

Acompañó su petición de escrito, con una *Solicitud Urgente de Paralización de los Procedimientos ante el TPI en Auxilio de Jurisdicción*. A esos fines, solicitó, en auxilio de jurisdicción, que se paralizaran los procedimientos ante el foro primario hasta tanto esta

---

[7] *Íd.*, págs. 128-134.
[8] *Íd.*, pág. 145.

Curia resuelva el recurso de *certiorari.* El 20 de septiembre de 2024, emitimos *Resolución,* en la que le concedimos tres (3) días al Recurrido para que se expresara en torno a la solicitud de auxilio de jurisdicción. El 20 de noviembre de 2024, el señor García presentó *Memorando en Oposición a la Expedición del Auto de Certiorari* mediante la cual insistió en su postura de que ni la señora Cabrera ni ACC Trust eran parte en el pleito, lo cual hace improcedente la solicitud de orden de la Peticionaria. Además, en cumplimento con nuestra orden, el 22 de noviembre de 2024, el Recurrido presentó *Oposición a Moción en Auxilio de Jurisdicción.* Ese mismo día, emitimos *Resolución* declarando No Ha Lugar la moción en auxilio de jurisdicción instada por la señora Rivera.

Con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

## II.

### A. Certiorari

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.,* 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido". *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.,* 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros. *Torres González v.*

*Zaragoza Meléndez,* 211 DPR 821, 849 (2023); *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 712 (2019). La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari.* Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, supra,* pág. 712.

**III.**

Expuesto el marco jurídico y ponderados los argumentos presentados por las partes, resolvemos que no se han producido las circunstancias que exijan nuestra intervención en esta etapa de los procedimientos. Al amparo de los criterios que guían nuestra discreción, no intervendremos en la determinación recurrida. En el presente caso, la Peticionaria no ha demostrado que el foro de instancia se excedió en el ejercicio de su discreción, ni que erró en la interpretación del derecho. Tampoco constató que el abstenernos de interferir en la determinación recurrida constituiría un fracaso irremediable de la justicia en esta etapa de los procesos. Por lo cual,

KLCE202401255                                                          7

somos del criterio que en el presente caso procede que se deniegue el recurso de *certiorari* de epígrafe.

## IV.

Por los fundamentos expuestos, **denegamos** la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones